**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:03-CR-467-BES-LRL |
| Plaintiff, | |
| v. | **ORDER** |
| RAYMOND GARCIA, | |
| Defendant. | |

Currently before this Court is Defendant's Objections to Report and Recommendation Denying Defendant's Motion to Suppress (#124), which was filed on May 15, 2006. The Government filed a Response (#126) on May 18, 2006. For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation (#118).

**I. BACKGROUND**

Defendant's Objections (#124) relate to an incident that occurred on October 10, 2003. On that day, Officer Scott Thomas arrived at the Las Vegas City Jail to transport Defendant to the federal courthouse for his initial arraignment. During this transport, Defendant initiated a conversation with Officer Thomas by asking about the charges against him. Officer Thomas responded, stating that Defendant was charged with possession with intent to distribute methamphetamine. Defendant stated that he thought he was transporting marijuana, not methamphetamine. Defendant then asked what his sentence could be if he were convicted.

Officer Thomas replied that his sentence could be 20 to life depending on the Judge. Upon hearing this, Defendant stated that it wasn't worth $600. Officer Thomas responded by stating, "I'm sorry, what did you say?" To which Defendant replied, "It wasn't worth $600. That's what I was paid." The conversation ended when the two arrived at their destination. The entire trip took approximately 10 minutes.

In his original Motion (#102), Defendant sought to suppress the statements that he made to Officer Thomas, arguing that Officer Thomas engaged in a custodial interrogation during the transport to the federal courthouse, therefore requiring him to give Defendant the Miranda warnings.[1] The Magistrate Judge found that the aforementioned conversation did not amount to a custodial interrogation, and Defendant objected to this finding. Thus, the sole issue currently before this Court is whether "the statements made to the transporting officer were the product of an in custody interrogation without the required reading of a Miranda warning." (Objections (#124) at 2).[2]

## II. ANALYSIS

When considering a magistrate judge's report and recommendation denying a motion to suppress, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2005). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to the magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."[3] Defendant filed timely objections to the Magistrate Judge's Report and Recommendation (#118); accordingly, this Court conducts a de novo review pursuant to 28 U.S.C. § 636(b)(1). Applying this standard of review, the Court now considers whether the Magistrate Judge erred when he found that

---

[1] Defendant was given his Miranda warnings when he was originally taken into custody. Further, it is undisputed that Defendant voluntarily waived his Miranda rights when, following his arrest, he elected to speak with Detective Bunn.

[2] In his Objections (#124), Defendant does not explicitly object to the Magistrate Judge's findings of fact.

[3] Unless otherwise ordered, a party must serve and file an objection within 10 days after being served with the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2005).

the conversation between Officer Thomas and Defendant did not constitute a custodial interrogation.

There is no dispute that Defendant was in custody when his conversation with Officer Thomas occurred. Thus, the remaining inquiry is whether this conversation constituted an interrogation. An interrogation is defined as not only express questioning but its functional equivalent. United States v. Moreno-Flores, 33 F.3d 1164 (9th Cir. 1994). The functional equivalent of interrogation includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." Id. (quoting Rhode Island v. Innis, 446 U.S. 291, 301 (1980)); see also " United States v. Chen, 439 F.3d 1037, 1041 (9 Cir. 2006). This is an objective test, and, although the officer's subjective intent is relevant, it is not decisive. Moreno Flores, 33 F.3d at 1169. The focus is instead on the defendant's perceptions. Id. Nevertheless, the police are not held accountable for the unforeseeable results of their words or actions. Id. Applying these principles, the Court must determine whether Officer Thomas's words or actions were reasonably likely to elicit an incriminating response from Defendant.

During his conversation with Defendant, Officer Thomas primarily spoke in response to Defendant's questions. In fact, the only question that Officer Thomas asked was "I'm sorry. What did you say?" Considering the context surrounding this question, the Court finds that Officer Thomas could not have foreseen that merely asking Defendant to repeat himself would elicit an incriminating response. See e.g., Moreno-Flores, 33 F.3d at 1170; see also United States v. Paredes, 388 F. Supp.2d 1185, 1193 (D. Haw. 2005) (stating that "[t]here is not evidence to suggest that Officer Espinueva should have known that his simple "Okay, what's up?" would have elicited an incriminating response."). Further, the Court finds that all Defendant's other statements to Officer Thomas were voluntary and unsolicited. See e.g., Miranda v. Arizona, 384 U.S. 436, 478 (1966) (stating that "[a]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence) see also United States v. Sherwood, 98 F.3d 402, 409 (9 Cir. 1996) (stating that "'[s]pontaneous' or 'volunteered' confessions of a suspect in custody are admissible despite the absence of a prior

3

Miranda warning."). Considering these facts, the Court cannot find that Officer Thomas' words and actions during his conversation with Defendant were reasonably likely to elicit an incriminating response. Accordingly, the Court agrees with the Magistrate Judge's finding that the conversation between Officer Thomas and Defendant did not constitute an interrogation under Miranda.

### III. CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that the Court accepts the Magistrate Judge's Report and Recommendation (#118) and denies Defendant's Motion to Suppress (#102).

DATED: This 19th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE